UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,    )<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>PATRICIA A. JONES    )<br>ROBYN CHAMP    )<br>ROBERT S. CHAMP II,    )<br>DYNISE L. CHAMP    )<br>CHERIE T. CHAMP, AND    )<br>W.H. BACON FUNERAL HOME, INC.  )<br>)<br>Defendants.    )<br>_____)   | Case No. 1:07-cv-01477 (RCL) |

**PLAINTIFF'S MOTION FOR STATUS CONFERENCE,
CLARIFICATION OF THE COURT'S JANUARY 29, 2008 ORDER, AND LEAVE TO
REFILE ITS MOTION FOR INTERPLEADER RELIEF**

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), through undersigned counsel, and pursuant to Rule 7 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Columbia, respectfully requests that this Court order and schedule a status conference for all of the parties, clarify its January 29, 2008 Order denying Plaintiff's Motion for Interpleader Relief, and grant Plaintiff leave to refile its Motion for Interpleader Relief for the Court's reconsideration after a status conference is held.  The grounds in support of this Motion are set out in the accompanying Memorandum.

In accordance with Rule 7(m) of the Local Civil Rules of the United States District Court for the District of Columbia, counsel for MetLife has attempted to contact Defendants to discuss this Motion, but has not received any responses as of the deadline to file the Motion

Respectfully submitted,

METROPOLITAN LIFE
INSURANCE COMPANY


     /s/ Ronda B. Esaw
Ronda B. Esaw, Esq. D.C. Bar No. 494516
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
Telephone: (703) 712-5392
Facsimile: (703) 712-5251
resaw@mcguirewoods.com

Attorney for Plaintiff, Metropolitan Life
Insurance Company

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also hereby certify that I will mail the document by U.S. Mail and Certified Mail/Return Receipt Requested to the following non-filing users:

Wanda C. Bacon, Registered Agent
W.H. Bacon Funeral Home, Inc.
3447 14th Street, N.W.
Washington, D.C. 20010

Ms. Dynise L. Champ
3559 55th Avenue, Apartment 10
Hyattsville, MD 20784

Ms. Robyn Champ
1409 Bernize Lane
Greenville, NC 27834

Ms. Cherie T. Champ
326 McCotter Blvd., Apt. 38
Havelock, NC 38532
 and
PFC Champ, Cherie
MTACS-28
PSC Box 8070
Cherry Point, NC 28533

Mr. Robert S. Champ, II
1513 Channing St., N.E.
Washington, D.C. 20018

Ms. Patricia A. Jones
1513 Channing St., N.E.
Washington, D.C. 20018

      /s/ Ronda B. Esaw
   Ronda B. Esaw

Active\5030960.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICIA A. JONES )<br>ROBYN CHAMP )<br>ROBERT S. CHAMP II, )<br>DYNISE L. CHAMP )<br>CHERIE T. CHAMP, AND )<br>W.H. BACON FUNERAL HOME, INC. )<br>)<br>Defendants. )<br>_____) | Case No. 1:07-cv-01477 (RCL) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR STATUS CONFERENCE,
CLARIFICATION OF THE COURT'S JANUARY 29, 2008 ORDER, AND LEAVE TO
REFILE ITS MOTION FOR INTERPLEADER RELIEF**

Plaintiff Metropolitan Life Insurance Company ("MetLife"), through undersigned counsel, and pursuant to Rule 7 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Columbia, respectfully requests that this Court order and schedule a status conference for all of the parties, clarify its January 29, 2008 Order denying Plaintiff's Motion for Interpleader Relief, and grant Plaintiff leave to refile its Motion for Interpleader Relief for the Court's reconsideration after a status conference is held. In support thereof, Plaintiff states as follows:

On January 22, 2008, this Court entered an Order requiring MetLife to do one of the following: (1) cause default to be entered by the Clerk and thereafter move for entry of judgment thereon; (2) show cause why a motion for default judgment has not been filed; or (3) notify the

Court if some other action is appropriate. On January 29, 2008, this Court denied MetLife's Motion for Interpleader Relief without providing a specific reason for the denial. For the reasons stated below, MetLife submits that scheduling a status conference for all of the parties is more appropriate at this juncture than causing default to be entered or dismissing the case without prejudice.

MetLife admits that the federal government, pursuant to the Federal Employee's Group Life Insurance Act, purchased a policy of group life insurance providing coverage for eligible civilian employees. The federal government obtained coverage from MetLife in the form of a group policy. MetLife adjudicates the claims brought under the Federal Employees' Group Life Insurance ("FEGLI") policy.

Decedent Robert S. Champ Sr. ("Decedent") was a civilian employee of the federal government, and as such was covered under the FEGLI policy. As a participant under the FEGLI Program, Decedent had life insurance coverage in the amount of $218,000.00 ("FEGLI Proceeds"). Upon Decedent's death on September 29, 2005, MetLife became obligated to pay the FEGLI Proceeds to the person rightfully entitled to them. MetLife is merely a stakeholder and claims no beneficial interest in the FEGLI Proceeds.

Defendants Robyn Champ, Robert S. Champ, Jr., Dynise Champ, and Cherie Champ are Decedent's children, and several have filed claims for a share of the FEGLI Proceeds. Defendant Patricia Jones claims that she was Decedent's common-law wife, and she has filed a conflicting claim for the FEGLI Proceeds. Additionally, Decedent's four children signed an assignment to a portion of the FEGLI Proceeds to defendant W.H. Bacon Funeral Home, Inc.

MetLife cannot determine if Jones can establish by clear and convincing evidence that she and Decedent had a valid common law marriage under District of Columbia law. *See*

*Johnson v. Young*, 372 A.2d 992 (D.C. 1977).  If Decedent and Jones had a valid common law marriage, then the FEGLI Proceeds would be payable to Jones under FEGLIA, 5 U.S.C. § 8705 (a) (2006).  If, however, Jones and the Decedent did not have a valid common law marriage, then the FEGLI Proceeds would be payable to the four children of the Decedent, Defendants Robyn Champ, Robert Champ II, Dynise Champ, and Cherie Champ, and to W.H. Bacon Funeral Home, Inc., if there exists a valid and enforceable assignment to any portion of the FEGLI Proceeds from Decedent's children to W.H. Bacon Funeral Home, Inc.  *See* 5 U.S.C. § 8705.

This case is distinguishable from cases where default judgment is appropriate.  Defendants do not owe MetLife any money, and MetLife is ready, willing and able to pay the FEGLI Proceeds with applicable interest, if any, to the party legally entitled to them.  Furthermore, MetLife asserts no interest in the FEGLI Proceeds, does not dispute that they are due, and has no opinion as to which of the interpleader defendants should be the beneficiary.

The individual Defendants in this case are Decedent's family members who may be entitled to part or all of the FEGLI proceeds.  MetLife's counsel has been in telephone contact with several Defendants, who are aware of this case and the fact that the case concerns their claims for Decedent's FEGLI proceeds.  Additionally, several individual Defendants have expressed their continuing interest in advancing their specific claim for the FEGLI proceeds.  All of the individual Defendants are pro se, and it appears from undersigned counsel's conversations with them that they may not understand their procedural duties in this interpleader action.  For ethical reasons, however, MetLife's counsel cannot provide these Defendants with legal advice on how they should move forward with their individual claims for the FEGLI proceeds.  Thus, it would be in the best interest of all parties if the Court did not enter a default judgment against Defendants at this time.

Furthermore, it would not be in the best interest of any party to dismiss this action without prejudice at this time. If this Court were to dismiss this action without prejudice, MetLife would then be required to file the same interpleader action against the same Defendants and re-serve each of them. The individual Defendants may not file a proper response in the new case. At that point, MetLife would be in the same position that it is in now.

If the Court schedules a status conference for all of the parties and orders them to attend, MetLife believes that several (if not all) Defendants would attend the conference to express their interests in the FEGLI proceeds. Furthermore, MetLife would agree to make every effort to contact each Defendant by telephone to notify him or her that a conference is being scheduled to allow each party to discuss his or her position in this matter. This procedure would advance the interests of justice because it would allow Defendants a forum to express their interests, and it would allow MetLife to obtain the Court's assistance in determining the proper beneficiary(ies) of the FEGLI proceeds. Once the status conference takes place, MetLife wishes to refile its Motion for Interpleader Relief for the Court's reconsideration.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter an order setting a status conference for all parties at the Court's earliest convenience, to clarify its January 29, 2008 Order denying Plaintiff's Motion for Interpleader Relief, and to grant MetLife's request for leave to refile its Motion for Interpleader Relief for the Court's reconsideration after a status conference has been held.

    Respectfully submitted,

    METROPOLITAN LIFE
    INSURANCE COMPANY

    By Counsel

5

         /s/ Ronda B. Esaw
Ronda B. Esaw, Esq. D.C. Bar No. 494516
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102-4215
Telephone:  (703) 712-5392
Facsimile:  (703) 712-5251
resaw@mcguirewoods.com

Attorney for Plaintiff, Metropolitan Life
Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of February, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also hereby certify that I will mail the document by U.S. Mail and Certified Mail/Return Receipt Requested to the following non-filing users:

Wanda C. Bacon, Registered Agent
W.H. Bacon Funeral Home, Inc.
3447 14th Street, N.W.
Washington, D.C. 20010

Ms. Dynise L. Champ
3559 55th Avenue, Apartment 10
Hyattsville, MD 20784

Ms. Robyn Champ
1409 Bernize Lane
Greenville, NC 27834

Ms. Cherie T. Champ
326 McCotter Blvd., Apt. 38
Havelock, NC 38532
 and
PFC Champ, Cherie
MTACS-28
PSC Box 8070
Cherry Point, NC 28533
*Pro se* Defendant

Mr. Robert S. Champ, II
1513 Channing St., N.E.
Washington, D.C. 20018

Ms. Patricia A. Jones
1513 Channing St., N.E.
Washington, D.C. 20018

                                                        /s/ Ronda B. Esaw
                                          Ronda B. Esaw

\5030318.2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:07-cv-01477 (RCL)<br>) |
| PATRICIA A. JONES<br>ROBYN CHAMP<br>ROBERT S. CHAMP II,<br>DYNISE L. CHAMP<br>CHERIE T. CHAMP, AND<br>W.H. BACON FUNERAL HOME, INC. | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **ORDER**

THIS MATTER came before the Court on Plaintiff's Motion for Status Conference, Clarification of the Court's January 29, 2008 Order, and Leave to Refile its Motion for Interpleader Relief.  Upon consideration of the Motion, and

IT APPEARING TO THE COURT that Plaintiff's Motion should be granted,

It is hereby ORDERED, that Plaintiff's Motion for Status Conference, Clarification of the Court's January 29, 2008 Order, and Leave to Refile its Motion for Interpleader Relief is GRANTED IN ITS ENTIRETY.

It is further ORDERED, that all parties must attend a Status Conference on _____, 2008 at _____ a.m./p.m. in Room _____, to discuss the status and issues in this case;

It is further ORDERED, that Plaintiff's Motion for Interpleader Relief initially was denied because:_____; and

It is further ORDERED, that Plaintiff may refile its Motion for Interpleader Relief for the Court's reconsideration within twenty (20) days after the Status Conference is held.

Entered this _____ day of February, 2008.

_____
Judge, United States District Court for the District of Columbia

COPIES SENT TO:

Ronda B. Esaw, Esq. D.C. Bar No. 494516
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102-4215
Telephone:  (703) 712-5392
Facsimile:  (703) 712-5251
resaw@mcguirewoods.com
Attorney for Plaintiff, Metropolitan Life Insurance Company


Wanda C. Bacon, Registered Agent
W.H. Bacon Funeral Home, Inc.
3447 14th Street, N.W.
Washington, D.C.  20010
*Pro se* Defendant

Ms. Robyn Champ
1409 Bernize Lane
Greenville, NC  27834
*Pro se* Defendant

Ms. Dynise L. Champ
3559 55th Avenue, Apartment 10
Hyattsville, MD  20784
*Pro se* Defendant

Ms. Cherie T. Champ
326 McCotter Blvd., Apt. 38
Havelock, NC  38532

2

and

PFC Champ, Cherie
MTACS-28
PSC Box 8070
Cherry Point, NC  28533
*Pro se* Defendant

*Pro se* Defendant
Mr. Robert S. Champ, II
1513 Channing St., N.E.
Washington, D.C.  20018
*Pro se* Defendant

Ms. Patricia A. Jones
1513 Channing St., N.E.
Washington, D.C.  20018
*Pro se* Defendant

3