UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:07-cv-01477 |
| v. | | Assigned to: Lamberth, Royce C. |
| | : | Assign. Date: 08/16/2007 |
| **PATRICIA JONES, et al.** | | Description: Contract |
| | : | |
| Defendants. | | |

### DEFENDANT, PATRICIA JONES ANSWER TO THE COMPLAIN FOR INTERPLEADER

COMES NOW the Defendant, Patricia Jones , by and through her attorney, Erica T. Davis, Esquire, and Jeremy K. Fishman, Esquire, and AXELSON, WILLIAMOWSKY, BENDER & FISHMAN, P.C. and files this Answer to the Complaint and says as follows:

1. Defendant admits in part and denies in part the allegations in paragraph 1.

2. Defendant lacks sufficient information to admit or deny the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. Defendant lacks sufficient information to admit or deny the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

9. Defendant lacks sufficient information to admit or deny the allegations in paragraph 9.

10. Defendant lacks sufficient information to admit or deny the allegations in paragraph 10.

11. Defendant lacks sufficient information to admit or deny the allegations in paragraph 11.

12. Defendant lacks sufficient information to admit or deny the allegations in paragraph 12.

13. Defendant lacks sufficient information to admit or deny the allegations in paragraph 13.

14. Defendant lacks sufficient information to admit or deny the allegations in paragraph 14.

15. Defendant lacks sufficient information to admit or deny the allegations in paragraph 15.

16. Defendant admits the allegations in paragraph 16.

17. Defendant admits the allegations in paragraph 17.

18. Defendant lacks sufficient information to admit or deny the allegations in paragraph 18.

19. Defendant lacks sufficient information to admit or deny the allegations in paragraph 19.

20. Defendant lacks sufficient information to admit or deny the allegations in paragraph 20.

21. Defendant lacks sufficient information to admit or deny the allegations in paragraph 21.

22. Defendant admits the allegations in paragraph 22.

23. Defendant lacks sufficient information to admit or deny the allegations in paragraph 23.

24. Defendant lacks sufficient information to admit or deny the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25 and by way of further answer contends that she is entitled to the FEGLI proceeds as the common law wife of the decedent.

26. Defendant admits in part and denies in part the allegation is paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant lacks sufficient information to admit or deny the allegations in paragraph 28.

29. Defendant lacks sufficient information to admit or deny the allegations in paragraph 29.

30. Defendant lacks sufficient information to admit or deny the allegations in paragraph 30.

31. Defendant lacks sufficient information to admit or deny the allegations in paragraph 31.

32. Defendant lacks sufficient information to admit or deny the allegations in paragraph 32.

33. Defendant lacks sufficient information to admit or deny the allegations in paragraph 33.

34. The allegations in paragraph 34 call for a legal conclusion. Defendant denies the allegations in paragraph 34.

35. Defendant lacks sufficient information to admit or deny the allegations in paragraph 35.

36. Defendant lacks sufficient information to admit or deny the allegations in paragraph 36.

WHEREFORE, Patricia Jones prays that this Court

    A. Grant MetLife's request for Interpleader until an estate is opened for the decedent;

    B. Issue the FEGLI proceeds to the common law wife of the decedent, Patricia Jones;

    C. Order any other relief this Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

The other Defendants claims and/or abilities to recover in this matter are barred and/or reduced by the following affirmative defenses:

A. Estoppel

B. Laches

C. Mitigation

D. Release

E. Statute of Limitations

F. Accord and Satisfaction

G. Collateral Estoppel

H. Fraud

I. Illegality

J. Payment

K. Privilege

L. Res Judicata

M.      Statute of Frauds

N.      Setoff and

O.      Waiver

                    Respectfully submitted,
                    **AXELSON, WILLIAMOWSKY**
                    **BENDER & FISHMAN, P.C.**

By:   /s/ Erica T. Davis
        Erica T. Davis, Esquire
        Jeremy K. Fishman, Esquire
        401 North Washington Street, Suite 550
        Rockville, Maryland 20850
        (301) 738-7685
        Counsel for Defendant, Patricia Jones

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Answer was mailed first-class postage pre-paid on this 14th day of March, 2008 to:

Ronda Brown Esaw, Esq.
Sarah A. Belger, Esq.
McGuire Woods, LLP
1750 Tysons Blvd., Suite 1800
McLean, VA 22102-4215
Attorneys for Plaintiff, Metropolitan Life Insurance Company

Robyn Champ
2765 Langston Place, SE
Washington, D.C. 20020-3238

Robert S. Champ, II
1513 Channing St., NE
Washington, D.C. 20018

Dynsie L. Champ
10167 Scotch Hill Dr.
Largo, MD 20772

Cherie T. Champ
326 McCotter Blvd., Apt. 38
Havelock, NC 28532

W.H. Bacon Funeral Home, Inc.
Wanda C. Bacon
Registered Agent
3447 14th St., NW
Washington, D.C. 20010

             ___/s/ Erica T. Davis_____
             Erica T. Davis, Esquire