UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **METROPOLITAN LIFE** | | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-1477 (RCL)** |
| | ) | |
| **PATRICIA A. JONES** | ) | |
| **ROBYN CHAMP** | ) | |
| **ROBERT S. CHAMP II,** | ) | |
| **DYNISE L. CHAMP** | ) | |
| **CHERIE T. CHAMP, AND** | ) | |
| **W.H. BACON FUNERAL HOME, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## <u>MOTION FOR INTERPLEADER RELIEF</u>

Plaintiff Metropolitan Life Insurance Company ("MetLife"), through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 22 and 67, respectfully requests that the Court order interpleader relief on behalf of Plaintiff. In support thereof, Plaintiff states as follows:

1.      MetLife admits that the federal government, pursuant to the Federal Employee's Group Life Insurance Act, purchased a policy of group life insurance providing coverage for eligible civilian employees. The federal government obtained coverage from MetLife in the form of a group policy. MetLife adjudicates the claims brought under the Federal Employees' Group Life Insurance ("FEGLI") policy.

2.      Decedent was a civilian employee of the federal government, and as such was covered under the FEGLI policy. As a participant in under the FEGLI Program, the Decedent had life insurance coverage in the amount of $218,000.00 ("FEGLI Proceeds"). Upon the

Decedent's death on September 29, 2005, MetLife became obligated to pay the FEGLI Proceeds to the person rightfully entitled them.

3.      The FEGLI Proceeds are to be paid in accordance with the order of precedence set forth in 5 U.S.C. § 8705(a) which provides that "the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death . . . . First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office . . . .  Second, if there is no designated beneficiary, to the widow or widower of the employee.  Third, if none of the above, to the child or children of the employee and the descendants of deceased children by representation."

4.      Decedent is survived by four children, Defendants Robyn Champ, Robert Champ, II, Dynise Champ and Cherie Champ.  Defendant Patricia Jones alleges that she is the common law wife of Decedent.  No Beneficiary Designation was on file at the time of Decedent's death.

5.      On or about October 3, 2005, Decedent's four children, Defendants Robyn Champ, Robert Champ II, Dynise Champ, and Cherie Champ, signed an assignment to a portion of the FEGLI Proceeds to Defendant W.H. Bacon Funeral Home, Inc. in the amount of $7,129.00. [1]  A true and correct copy of the assignment dated October 3, 2005, was attached as Exhibit "A" to the Complaint in this action.

6.      On or about November 21, 2005, Defendant Cherie Champ submitted a life insurance claim form, seeking the FEGLI Proceeds as Decedent's daughter.  A true and correct

---

[1] On April 18, 2008, the Court entered an order granting Plaintiff's Motion for a Status Conference and directed all parties to attend a Status Conference on April 30, 2008.  The Order further stated that "any party who fails to attend, or send counsel, shall be defaulted."  Defendant W.H. Bacon Funeral Home, Inc. failed to appear, and the District Court entered a default judgment against Defendant W.H. Bacon Funeral Home, Inc.

copy of the November 21, 2005 life insurance claim form submitted by Defendant Cherie Champ was attached as Exhibit "B" to the Complaint in this action.

7.    On or about November 21, 2005, Defendant Dynise Champ also submitted a life insurance claim form, seeking the FEGLI Proceeds as Decedent's daughter.  A true and correct copy of the November 21, 2005 life insurance claim form submitted by Defendant Dynise Champ was attached as Exhibit "C" to the Complaint in this action.

8.    On or about February 2, 2006, Defendant Patricia Jones submitted a life insurance claim form, seeking the FEGLI Proceeds and describing herself as Decedent's "Common Law Wife (engaged)."  A true and correct copy of the February 2, 2006 life insurance claim form submitted by Defendant Patricia Jones was attached as Exhibit "D" to the Complaint in this action.

9.    Decedent's two other children, Defendants Robert Champ II and Robyn Champ, to date, have not submitted life insurance claim forms seeking the FEGLI Proceeds.

10.    Based on these conflicting claims, there is a question of law and fact as to who is the proper beneficiary of the FEGLI Proceeds.

11.    Specifically, MetLife cannot determine if Defendant Patricia Jones can establish by clear and convincing evidence that she and the Decedent had a valid common law marriage under District of Columbia law.  *See Johnson v. Young*, 372 A.2d 992 (D.C. 1977).  If Decedent and Defendant Patricia Jones had a valid common law marriage, then the FEGLI Proceeds would be payable to Defendant Patricia Jones, under FEGLIA, 5 U.S.C. § 8705 (a).

12.    If, however, Defendant Patricia Jones and the Decedent did not have a valid common law marriage, then the FEGLI Proceeds would be payable to the four children of the Decedent, Defendants Robyn Champ, Robert Champ II, Dynise Champ, and Cherie Champ.

3

13.     MetLife is and at all times has been ready, willing and able to pay the FEGLI Proceeds with applicable interest, if any, to the party legally entitled to them and seeks to pay the FEGLI Proceeds into this Court.

14.     MetLife asserts no interest in the FEGLI Proceeds, does not dispute that they are due, and has no opinion as to which of the interpleader defendants should be the beneficiary. MetLife is therefore a mere disinterested stakeholder to this action, with no interest in the controversy between the defendants.

15.     MetLife cannot make payment of the FEGLI Proceeds without the risk of being subjected to costs and expenses in a multiplicity of suits or the possibility of multiple payment of the amount due.

16.     Based on the foregoing, there is presently an actual, justifiable controversy as to the FEGLI Proceeds, and MetLife as a disinterested stakeholder is entitled to the relief requested herein.

WHEREFORE, MetLife respectfully requests that this Court enter an order:

(1)     granting MetLife's request for Interpleader;

(2)     allowing MetLife to tender to the Clerk of the Court the FEGLI Proceeds in the amount of $218,000.00 plus any applicable interest;

(3)     directing the Clerk, upon receipt, to deposit the FEGLI Proceeds into a segregated interest bearing account referencing this case and "FEGLI Proceeds";

(4)     upon confirmation by the Clerk of the payment of the FEGLI Proceeds plus any applicable interest by MetLife, dismissing MetLife from this action with prejudice, and discharging MetLife along with the United States Office of Personnel Management, from any

further liability in connection with the FEGLI Proceeds, upon MetLife's deposition of the FEGLI

Proceeds into the Registry of the Court;

(5)     granting MetLife an injunction barring defendants and their successors and

assigns, from instituting any action, prosecution, or proceeding, in any State or United States

Court, against MetLife, or the United States Office of Personnel Management with respect to the

FEGLI Proceeds; and

(6)     ordering such other and further relief as the Court deems just and proper.

Respectfully submitted,

METROPOLITAN LIFE
INSURANCE COMPANY


_____/s/ Ronda B. Esaw_____
Ronda B. Esaw, Esq. D.C. Bar No. 494516
Sarah A. Belger, Esq. Va. Bar No. 67947 (motion
for admission *pro hac vice* to be filed)
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102-4215
Telephone:  (703) 712-5392
Facsimile:  (703) 712-5251

Attorney for Plaintiff, Metropolitan Life
Insurance Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of May, 2008, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:

Erica T. Davis, Esq.
Jeremy K. Fishman, Esq.
401 North Washington Street, Suite 550
Rockville, Maryland  20850
etd@vawlaw.com

*Counsel for Defendant, Patricia Jones*

I also hereby certify that I will mail the document by U.S. Mail to the following non-filing users:

| | |
|---|---|
| Wanda C. Bacon, Registered Agent<br>W.H. Bacon Funeral Home, Inc.<br>3447 14th Street, N.W.<br>Washington, D.C.  20010 | Ms. Dynise L. Champ<br>3559 55th Avenue, Apartment 10<br>Hyattsville, MD  20784 |
| Ms. Robyn Champ<br>1409 Bernize Lane<br>Greenville, NC  27834 | Ms. Cherie T. Champ<br>326 McCotter Blvd., Apt. 38<br>Havelock, NC  38532<br>  and<br>PFC Champ, Cherie<br>MTACS-28<br>PSC Box 8070<br>Cherry Point, NC  28533 |
| Mr. Robert S. Champ, II<br>1513 Channing St., N.E.<br>Washington, D.C.  20018 | |

                                        _____/s/ Ronda B. Esaw_____
                                        Ronda B. Esaw

\6233043.2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **METROPOLITAN LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-1477 (RCL)** |
| | ) | |
| **PATRICIA A. JONES** | ) | |
| **ROBYN CHAMP** | ) | |
| **ROBERT S. CHAMP II,** | ) | |
| **DYNISE L. CHAMP** | ) | |
| **CHERIE T. CHAMP, AND** | ) | |
| **W.H. BACON FUNERAL HOME, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## [PROPOSED] INTERPLEADER ORDER

Upon Motion of Plaintiff Metropolitan Life Insurance Company ("MetLife"), through counsel, the Court enters this Interpleader Order for the life insurance benefits payable under the Federal Employees' Group Life Insurance Program ("the FEGLI Program") upon the death of Robert S. Champ (the "Decedent"). In its Complaint, MetLife admits that the federal government, pursuant to the Federal Employee's Group Life Insurance Act, purchased a policy of group life insurance providing coverage for eligible civilian employees. The Decedent was a civilian employee and therefore a participant in the FEGLI Program at the time of his death. Pursuant to the FEGLI Policy, the Decedent's designated beneficiaries are entitled to payment of basic life insurance benefits totaling $218,000.00 plus any applicable interest (the "FEGLI Proceeds").

The Court finds that MetLife is merely a stakeholder and claims no beneficial interest in the FEGLI Proceeds. The Court further finds that MetLife is exposed to inconsistent and/or

multiple claims for payment of the FEGLI Proceeds.  The Court further finds that the alleged beneficiaries under the terms of the FEGLI Program, who claim entitlement to the FEGLI Proceeds, have been properly joined in this action and are subject to the Court's jurisdiction.

MetLife is willing to pay the FEGLI Proceeds into the Court upon entry of this Order dismissing it with prejudice from the litigation.

Accordingly, it is hereby ordered pursuant to 5 U.S.C. § 8715,  28 U.S.C. §§ 1331, 1332, and 1335, and Federal Rules of Civil Procedure 22 and 67, that:  1) MetLife is permitted to tender the FEGLI Proceeds to the Clerk of this Court in the amount of $218,000.00 plus any applicable interest and  MetLife shall tender such amount within 30 days of the entry of this Order; 2) the Clerk shall deposit the FEGLI Proceeds into a segregated, interest bearing account referencing this case and "FEGLI Proceeds"; and 3) upon confirmation by the Clerk of payment of the FEGLI Proceeds, the Court shall enter the attached draft order (Attachment A) that will discharge MetLife, the United States Office of Personnel Management, their affiliated entities, and the FEGLI Program from any further liability arising under the FEGLI Program as a consequence of the death of Decedent and dismiss MetLife with prejudice from this action and provide for other relief requested in MetLife's Motion for Interpleader Relief.

IT IS SO ORDERED.

_____
Judge
United States District Court for
the District of Columbia

Entered _____

\6233052.1

# ATTACHMENT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**METROPOLITAN LIFE**
**INSURANCE COMPANY,**                    )
                                          )
    **Plaintiff,**                         )
                                          )
**v.**                                    )    **Case No. 1:07-cv-1477**
                                          )
**PATRICIA A. JONES**                     )
**ROBYN CHAMP**                           )
**ROBERT S. CHAMP II,**                   )
**DYNISE L. CHAMP**                       )
**CHERIE T. CHAMP, AND**                  )
**W.H. BACON FUNERAL HOME, INC.**         )
                                          )
    **Defendants.**                        )
_____)

## ORDER OF DISMISSAL AND OTHER
## RELIEF IN FAVOR OF METROPOLITAN
## LIFE INSURANCE COMPANY, THE UNITED STATES
## OFFICE OF PERSONNEL MANAGEMENT,
## THEIR AFFILIATED ENTITIES AND THE FEGLI PROGRAM

In the Court's Interpleader Order in this matter, entered on _____ (the "Interpleader Order") the Court permitted Metropolitan Life Insurance Company ("MetLife") to tender to the Clerk of the Court the sum of Two Hundred Eighteen Thousand Dollars ($218,000.00) plus any applicable interest (the "FEGLI Proceeds"), representing the life insurance benefits payable upon the death of Robert S. Champ (the "Decedent"), under the Federal Employees' Group Life Insurance Program (the "FEGLI Program"). On _____, in compliance with the Order, MetLife tendered the appropriate amount to the Clerk of the Court. Accordingly, based on the Court's previous findings in the Interpleader Order, IT IS HEREBY ORDERED, that:

1.      MetLife is hereby DISMISSED WITH PREJUDICE from this action;

2.      MetLife, the United States Office of Personnel Management ("OPM"), their affiliated entities and the FEGLI Program are forever discharged from any and all further liability to Defendants, their heirs, successors, assigns, representatives, agents, and/or anyone claiming through them or to any other person or entity for any claim, demand, action or cause of action past, present or future arising out of or in any way connected with the participation of the Decedent in the FEGLI Program;

3.      The Clerk shall maintain the FEGLI Proceeds in a segregated, interest bearing account pending further order of the Court;

4.      Defendants shall litigate their claims to the FEGLI Proceeds in this action;

5.      Defendants are enjoined and restrained from instituting or prosecuting any claim or proceeding, including but not limited to this lawsuit, in any State or United States court against MetLife, OPM, their affiliated entities, or the FEGLI Program for the FEGLI Proceeds or other claims pursuant to the participation of Decedent in the FEGLI Program; and

6.      This case shall continue on the Court's docket concerning claims of parties other than MetLife.

It is so ORDERED.

_____
Judge, United States District Court for the
District of Columbia

Entered _____.

\6233063.1

3